**LAW OFFICES OF MALLON & TRANGER**
86 Court Street
Freehold, NJ 07728
Telephone: (732) 780-0230
Facsimile: (732) 780-5002
Attorneys for Plaintiff, Alex C. Brennan

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

```
------------------------------
ALEX C. BRENNAN,            : Civil No.: TO BE ASSIGNED
                            :
           Plaintiff,       : Civil Action
                            :
      v.                    :
                            : COMPLAINT AND JURY DEMAND
JOHN STEINHAUER,            :
                            :
           Defendant.       :
------------------------------
```

Plaintiff, Alex C. Brennan, by way of Complaint against the Defendant, says:

### JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983.  This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2.  Venue is proper under 28 U.S.C. §1391 because the events giving rise to Plaintiff's claims occurred in this District and the parties reside in this District.

Page 1

## PARTIES

3.  Plaintiff, Alex C. Brennan, is a resident of the Borough of Beachwood in Ocean County, New Jersey.

4.  At all times relevant to the allegations of this Complaint, Defendant, John Steinhauer, was a Sergeant employed by the Ocean County Prosecutor's Office and acted in the course of his employment and/or under color of state law.  He is sued in his individual capacity.

## NOTICE OF CLAIMS

5.  Plaintiff's representatives issued a Notice of Claims for damages in the form prescribed by New Jersey Statutes, Title 59:8-4, within the statutorily prescribed period.  The Notice of Claims was received by the Ocean County Prosecutor on December 04, 2017.

6.  More than six (6) months have elapsed since service of Plaintiff's Notice of Claims.  The claims remain unresolved.

7.  This civil action is commenced within two (2) years from the date of the occurrence.

## FACTS

8.  On November 23, 2017, Plaintiff was at JR's Bar in Seaside Heights, New Jersey, when a scuffle ensued.

9.  Plaintiff was not involved in this altercation.  However, he was pushed outside to the boardwalk area by a bouncer.

10. While outside, Plaintiff's friend - Jordan Hayes - became

involved in an argument.  Plaintiff grabbed Hayes and attempted to pull him away from the argument when Seaside Heights Police Officers arrived at the scene.

11.  The officers grabbed Plaintiff and began to pull him apart from Hayes.  Plaintiff was taken to the ground.

12.  Having secured Plaintiff, the officers had complete control over his person.

13.  Plaintiff did not pose a threat to the safety of the officers or others.  Nor did Plaintiff actively resist arrest or attempt to evade arrest by flight.

14.  Despite this, while Plaintiff was being handcuffed, Defendant, John Steinhauer, moved toward Plaintiff, intentionally stepped on his head and grinded his face into the cement ground.

15.  No situation arose that necessitated the use of such force on Plaintiff's person.  Steinhauer's actions were malicious, sadistic and done for the sole purpose of causing Plaintiff harm.

16.  As a result, Plaintiff sustained bruises and abrasions to his face, as well as ecchymosis to his right eye.

17.  Plaintiff was charged by Officer Andrew Leahy of the Seaside Heights Police Department with Disorderly Conduct, in violation of N.J.S.A. 2C:33-2A(1).  Disposition of this charge is currently pending in the Seaside Heights Municipal

Court.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983
### EXCESSIVE FORCE

18.  Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

19.  The Fourth Amendment prohibits law enforcement from administering excessive force.

20.  John Steinhauer's actions, as outlined above, constitute the use of force that was excessive and objectively unreasonable under the circumstances.

21.  As a direct and proximate cause of Steinhauer's conduct, Plaintiff has sustained permanent injury, emotional distress, and pain and suffering, and will continue to incur same for some time to come.

### COUNT II
### VIOLATION OF NEW JERSEY STATE CONSTITUTION
### AND/OR NEW JERSEY CIVIL RIGHTS ACT

22.  Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

23.  This Court has supplemental jurisdiction to hear and adjudicate state law claims.

24.  John Steinhauer's actions, as outlined above, violated Plaintiff's civil rights under the New Jersey State Constitution and/or New Jersey Civil Rights Act.

25.  As a direct and proximate cause of Steinhauer's conduct, Plaintiff has sustained permanent injury, emotional distress, and pain and suffering, and will continue to incur same for some time to come.

### COUNT III
### COMMON LAW
### ASSAULT AND BATTERY

26.  Plaintiff repeats the allegations of the previous paragraphs as if set forth at length herein.

27.  John Steinhauer's actions, as outlined above, were done with the intent to cause a harmful or offensive contact with Plaintiff's person, or an imminent apprehension of such a contact.

28.  As a result, Plaintiff was put in such imminent apprehension, and thus assaulted by Steinhauer.

29.  The assault of Plaintiff's person and actual, non-consensual contact by Steinhauer constituted battery.

30.  As a direct and proximate cause of Steinhauer's conduct, Plaintiff has sustained permanent injury, emotional distress, and pain and suffering, and will continue to incur same for some time to come.

### <u>RELIEF</u>

**WHEREFORE,** Plaintiff seeks relief and judgment against the Defendant, including but not limited to:

1.  An award of compensatory damages and punitive damages based

on the intentional and malicious acts of the Defendant, which are allowed by the statutes pleaded herein or as permitted by common law and rules;

2.  An award of reasonable attorney's fees and all costs of suit and interest thereon;

3.  An award of damages as allowed under 42 U.S.C. §1983 and 42 U.S.C. §1988;

4.  Any other award and equitable relief allowed under statute or pursuant to the law or equitable and just power of this Court to which Plaintiff is entitled; and

5.  Any prospective injunctive relief that the Court deems just and appropriate under the circumstances.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands trial by jury of all issues in this action.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

Plaintiff designates Thomas J. Mallon, Esq., as trial counsel in this matter.

<u>s/ Thomas J. Mallon</u>
THOMAS J. MALLON

Dated: July 30, 2018

Page 6